UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FINDLAY TIFFIN OIL, LLC and AYMAN MAGDADDI, <br><br> Defendants. | Case No. <br><br> **1 : 11 -cv- 0 6 6 5 TWP -TAB** |

## COMPLAINT FOR DAMAGES

Plaintiff, Noble Roman's, Inc. ("Noble Roman's"), by counsel, for its Complaint for Damages against Defendants, Findlay Tiffin Oil, LLC ("Findlay") and Ayman Magdaddi ("Magdaddi") (collectively, "Defendants"), states as follows:

### The Parties

1. Noble Roman's is an Indiana corporation with its principal place of business located at One Virginia Avenue, Suite 300, Indianapolis, Indiana 46204.

2. Noble Roman's is in the business of franchising the operation of Noble Roman's pizza and Tuscano's Italian-style sandwich franchises to various franchisees throughout the United States.

3. Findlay is an Ohio limited liability company with its principal place of business located at 816 Buckeye Court in Tipp City. Ohio. Upon information and belief, its sole member is Amarjit Singh, who is a citizen of the State of Ohio living at the same address.

4. Upon information and belief, Magdaddi is a citizen of the State of Indiana.

5. Findlay owns the parcel of real estate located at 606 Green Boulevard in Aurora, Indiana (the "Property"), and Magdaddi operates the convenience store located on the Property.

### Jurisdiction and Venue

6. This Court has original subject matter jurisdiction in this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338(a), as it arises under the Federal Trademark Act and Lanham Act, as amended.

7. This Court has original subject matter jurisdiction over a claim for unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125, as amended.

8. This Court has personal jurisdiction over Findlay and Magdaddi in that both are currently doing business in the State of Indiana by owning or operating a gas station and convenience store in Aurora, Indiana.

9. Venue in the United States District Court for the Southern District of Indiana is proper under 28 U.S.C. § 1391(b)(2) and (3).

### Background Facts

10. Noble Roman's registered the NOBLE ROMAN'S® word mark on the Principal Register of the United States Patent and Trademark Office in 1974 under Registration No. 987,069, THE BETTER PIZZA PEOPLE® word mark in 1995 under Registration No. 1,920,428, and the design mark:



on the Principal Register of the United States Patent and Trademark Office in 1992 under Registration No. 1682308 (collectively, the "Marks"). The registrations are valid and incontestable and enjoy the statutory presumptions of validity and ownership.

11. Noble Roman's has used the Marks in commerce continuously since 1972 in connection with marketing, identifying, and promoting its pizza franchises.

12. Duncan Oil Company, Inc. ("Duncan"), an Ohio corporation, is the prior owner and operator of the Property.

13. Since November 28, 2001, Duncan was also an authorized Noble Roman's pizza franchisee that used the Marks to advertise and offer fresh-baked Noble Roman's pizza to the public.

14. In February 2011, Duncan sold the Property to Findlay, who contracted with Magdaddi to operate the convenience store.

15. Findlay and Magdaddi were not authorized to use the Marks or any other item used in connection with the operation of Duncan's Noble Roman's pizza franchise that may have remained at the Property, including but not limited to any signage, trade dress, menu boards, and proprietary manuals, techniques, or ingredients.

16. On March 1, 2011, Noble Roman's learned of the sale and contacted Magdaddi about transferring Duncan's pizza franchise to Magdaddi.

17. The following day, Magdaddi declined to transfer the franchise. Noble Roman's informed him that he could not use any items relating to the operation of the former Duncan franchise, including the Marks, any proprietary ingredients, or trade dress. Magdaddi assured Noble Roman's that he was not selling pizza and that all Noble Roman's signage had been removed.

18. On March 11, 2011, a Noble Roman's employee visited the Property and observed interior and exterior Noble Roman's signage and pizza being sold from Noble Roman's trade dress and menu boards.

19. The pizza also appeared to be made according to Noble Roman's proprietary portion charts and with at least some proprietary ingredients. Some items were displayed in Noble Roman's packaging.

20. True and accurate photos taken by the Noble Roman's employee at the Property are attached as **Exhibit 1**.

21. On March 16, 2011, Noble Roman's wrote a letter to Magdaddi and demanded that he cease using the Marks, remove from the Property and return to Noble Roman's all items related to the operation of the Noble Roman's pizza franchise, and send photographic evidence of such removal. A true and accurate copy of the demand letter is attached as **Exhibit 2**.

22. Neither Magdaddi nor Findlay have responded to Noble Roman's demands.

23. Upon information and belief, by approximately April 30, 2011, Duncan recovered the Noble Roman's items that it could find at the property.

### Count I: Trademark Infringement

24. Noble Roman's incorporates by reference Paragraphs 1 through 23 of the Complaint as though fully alleged herein.

25. Defendants used the Marks in commerce and in connection with the sale of non-Noble Roman's pizza and other menu items at the Property, as evidenced by the photographs included in **Exhibit 1**. The period of infringement was from approximately February to April 30, 2011.

26. Defendants' use of the Marks is without the authorization or consent of Noble Roman's.

27. Defendants' acts constitute trademark infringement, a violation of 15 U.S.C. §1114 (1).

28. Noble Roman's has been damaged by Defendants' willful infringement.

WHEREFORE, Noble Roman's seeks appropriate relief as prayed for hereinafter.

### Count II: Federal Unfair Competition

29. Noble Roman's incorporates by reference Paragraphs 1 through 28 of the Complaint as though fully alleged herein.

30. Defendants have traded unfairly upon Noble Roman's well-established goodwill and reputation.

28. Defendants' acts of unfair competition have caused Noble Roman's to suffer irreparable harm, and such damage shall continue unless Defendants are enjoined by this Court.

29. Noble Roman's has no adequate remedy at law.

WHEREFORE, Noble Roman's seeks appropriate relief as prayed for hereinafter.

### Prayer for Relief

Noble Roman's respectfully requests that this Court: 1) hold Findlay and Magdaddi jointly and severally liable for Noble Roman's damages, the amount of which shall be determined through discovery and at trial; 2) award Noble Roman's its reasonable attorneys' fees and costs of this action; and 3) all other proper relief.

Respectfully submitted,

_____
Peyton L. Berg (#23812-71)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
pberg@boselaw.com
Telephone: (317) 684-5000
Facsimile: (317) 684-5173

Attorney for Plaintiff, Noble Roman's, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following parties by first class United States mail, postage prepaid, on May 17, 2011:

Findlay Tiffin Oil, LLC
c/o Amarjit Singh, Registered Agent
816 Buckeye Court
Tipp City, OH 43232

Ayman Magdaddi
c/o Road Dog Convenience Store
606 Green Boulevard
Aurora, IN 47001

_____
Peyton L. Berg

1913495